**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>NIKITA HAMPTON,<br><br>    Defendant. | Case No. 07 C 5805<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nikita Hampton's Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is **denied**.

### I. BACKGROUND

On March 17, 2005, a jury convicted Defendant Nikita Hampton (hereinafter, "Defendant") of ten counts of robbery, one count of attempted robbery, and two counts of brandishing a firearm during the commission of a robbery. Defendant was sentenced to 444 months imprisonment on August 16, 2005, and he filed a timely appeal to the Seventh Circuit.

On appeal, Defendant argued that the government failed to prove beyond a reasonable doubt that each of the banks was insured by the Federal Deposit Insurance Corporation (the "FDIC"), and that the district erroneously admitted the FDIC certificates presented by the government. In particular, Defendant argued that the

tellers presented by the government were not competent to testify to the fact of their bank's FDIC insurance status, nor was their testimony sufficient to prove the insured status of the banks beyond a reasonable doubt. Defendant argued that the limited competence and testimony of the tellers were particularly egregious where the FDIC certificates introduced bore a name different from some of the banks at the time of the robbery.

Reviewing a record that included the FDIC certificates at issue, the Court of Appeals affirmed Defendant's sentence and conviction. The Seventh Circuit found that, although the District Court had admitted them on an improper basis, the FDIC certificates were admissible on other grounds, and thus properly presented at trial. Coupling these certificates with the testimony of the bank tellers, the Seventh Circuit held that the evidence was sufficient to prove the FDIC-insured status of the banks beyond a reasonable doubt. The panel recognized the possibility that the FDIC certificates presented could have expired or lapsed due to a merger, and they lamented the fact that the tellers testified to the insured status of the bank at the time of *trial* rather than the time of *robbery*. However, the Court of Appeals found the evidence sufficient to permit the jury to infer that the banks were FDIC insured at the time of the robberies, and it deemed any risk of a lapse to be too slight to undermine that conclusion.

Defendant subsequently filed the instant Motion to Vacate, Set Aside, or Correct the Sentence, pursuant to 28 U.S.C. § 2255. In his Motion, Defendant argues that his conviction must be set aside because: (1) the government failed to establish the federally-insured status of the banks, leaving the court without jurisdiction to impose the sentence; (2) the government introduced false evidence by presenting outdated and invalid FDIC certificates, thus violating Defendant's right to due process; and (3) the Court admitted the FDIC certificates in violation of the Federal Rules of Evidence, depriving Defendant of a fair trial.

## II. **ANALYSIS**

A motion under 28 U.S.C. § 2255 is "neither a recapitulation of nor a substitute for a direct appeal." *Varela v. U.S.*, 481 F.3d 932, 935 (7th Cir., 2007) (internal citations omitted). Constitutional challenges that Defendant failed to raise on direct appeal cannot be considered in a § 2255 motion absent a showing of good cause for and prejudice from the failure to appeal those issues. *See Norris v. U.S.*, 687 F.2d 899, 903-04 (7th Cir., 1982). Nor can Defendant attempt to relitigate issues already decided on direct appeal, unless he can demonstrate changed circumstances of law or fact. *See Olmstead v. U.S.*, 55 F.3d 316, 319 (7th Cir., 1995).

The claims raised by Defendant fall squarely within the above prohibitions. Indeed, Defendant's arguments regarding admission of

the FDIC certificates and proof of the banks' insured status could not have been more clearly presented to the Court of Appeals. Those claims are directly stated in Defendant's appellate brief under the bold heading "Issues Presented for Review," *see* Appellant Br. 3, and the Seventh Circuit clearly decided both the issue of admissibility and the sufficiency of the evidence relating to the FDIC-insured status of the banks. The Court cannot allow Defendant to now circumvent the rulings of the Seventh Circuit on direct appeal.

Defendant's additional claim (that the government introduced false evidence by presenting outdated and invalid FDIC certificates) runs throughout his briefing on the other two subjects, *see, e.g.,* Appellant Br. 24, 27-28, 29, and clearly was before the Court on direct appeal. The Seventh Circuit expressly recognized Defendant's argument that the FDIC certificates could have lapsed into invalidity, due either to the passage of time or the subsequent merger and name change of some of the banks. That the Court ultimately resolved the issues in a manner unfavorable to Defendant is not a sufficient reason to permit relitigation of claims vigorously presented and clearly decided on direct appeal. Nor can Defendant avoid the effect of the Seventh Circuit's decision by simply extracting this issue into its own individual claim and framing it in terms of due process. *See DeMaro v. Willingham*, 401 F.2d 105, 106 (7th Cir., 1968) ("Relitigation of

trial issues under different labels or on expanded allegations that could have been made in the first instance is not contemplated by section 2255.").

Defendant fails to present any convincing reason to excuse his clear procedural default.  Although Defendant argues that his motion is supported by newly discovered evidence that one the FDIC certificates had lapsed and was invalid, he fails to demonstrate that this information was in any way unavailable to him prior to trial or his direct appeal.  Indeed, the FDIC certificate itself, which bears the name of the predecessor bank and a 1995 issuance date, was introduced into evidence at Defendant's trial and made part of the record on direct appeal.  Where Defendant had ample opportunity to gather information before trial and direct appeal, but simply failed to do so, he cannot later relitigate the claim by alleging it is supported by "newly discovered evidence."  *See Marino v. U.S.*, 1999 WL 39008, at *2 (N.D. Ill. Jan. 15, 1999). Allowing Defendant to overcome his procedural default simply by introducing some evidence that he had not previously presented (whether by error or deliberate choice), would indefinitely multiply the proceedings challenging Defendant's conviction and be plainly contrary to the important goals of efficiency and finality. *See, e.g., Daniels v. U.S.*, 532 U.S. 374, 383 (2001).

To the extent that Defendant argues that he raises new claims not decided on direct appeal, he must demonstrate cause for and

prejudice from his failure to previously present such claims. *See Borre v. U.S.*, 940 F.2d 215, 217 (7th Cir., 1991). Yet Defendant fails to provide any justification for his failure to raise such issues on direct appeal, and in the absence of any evidence of cause, the Court will not speculate as to what that reason could be. *See Williams v. U.S.*, 805 F.2d 1301, 1309 (7th Cir., 1986).

### III. CONCLUSION

Defendant's claims were squarely presented to the Seventh Circuit on direct appeal, and that Court determined that there was sufficient, admissible evidence to affirm Defendant's conviction. Defendant can neither circumvent nor relitigate that judgment in a motion under 28 U.S.C. § 2255. The Motion to Vacate, Set Aside, or Correct the Sentence is therefore **denied.**

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE**: September 5, 2008